UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAVONTAY D. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16cv251 SNLJ |
| ) | |
| ANDREW CONLEY, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM and ORDER

Plaintiff Javontay Morgan filed his petition in state court against police officers and other officials associated with both Kennett, Missouri and Dunklin County, Missouri. Plaintiff alleges that he was stopped for a traffic violation while driving his car and that he was subsequently beaten and unlawfully arrested, held in jail, and then released two months later when resisting-arrest charges were dropped. Plaintiff's claims include (Count I) Assault and Battery, (Count II) Wrongful Accusation/Malicious Prosecution, (Count III) Civil Rights Violations under 42 U.S.C. § 1983, (Count IV) Intentional Infliction of Emotional Distress, and, "in the alternative," (Count V) Negligent Infliction of Emotional Distress[1]. The defendants have filed motions for a more definite statement (#13, #16). Plaintiff has not responded to either motion.

Rule 12(e) states as follows:

Motion for More Definite Statement. A party may move for a more
definite statement of a pleading to which a responsive pleading is allowed
by which is so vague or ambiguous that the party cannot reasonably prepare

---
[1] This count is titled as another (Count IV) for Intentional Infliction of Emotional Distress, but the context suggests plaintiff intends to bring a Negligent Infliction of Emotional Distress in the alternative to the first Count IV.

> a response. The motion must be made before filing responsive pleading and must point out the defects complained of and the details desired…

Here, defendants seek an order requiring plaintiff to file an amended complaint setting forth in separate counts each cause of action that plaintiff is asserting, the specific defendant(s) against which it is being asserted, and a short and intelligible recitation of the factual allegations allegedly supporting each cause of action against each of the defendants. Defendants also ask that plaintiff set forth in separate counts each theory of recovery that plaintiff asserts, the specific defendant(s) against which it is being asserted, a short and intelligible statement identifying the specific defendant(s) on which the liability is based, and a recitation of the factual allegations allegedly supporting each theory of recovery.

The Court agrees that the plaintiff's state-court petition presents the five counts in a broad, ambiguous manner that makes it difficult if not impossible for the defendant individuals and entities to respond. For example, Count I for assault and battery might bring a claim under Missouri state law or, based on statements about "unlawful policies and procedures of unconstitutional policing," under federal law, and it is apparently directed against all nine defendants even though only two defendants are alleged to have personally engaged in any acts during the police stop. Count II is similarly ambiguous such that defendants are unable to determine the nature and extent of the causes of action and theories of recovery asserted against them. Although Count III refers to 42 U.S.C. § 1983, the allegations refer to damages recoverable under other federal statutes. Indeed, Count III appears to contain at least 14 commingled individual and official capacity claims against each of the defendants. The remaining two counts are similarly ambiguous.

Again, the Court notes that plaintiff did not respond to the defendants' motions in any way. The Court finds that defendants are entitled to a more definite statement as more fully described in the defendants' motions. Plaintiff should also be mindful, in crafting his amended complaint, of Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for a more definite statement (#13, #15) are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall file his amended complaint in accordance with this memorandum and order by February 7, 2017.

Dated this  10th  day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE